[Cite as *State v. Weaver*, 2011-Ohio-6163.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96505**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES WEAVER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-539953 and 540025

**BEFORE:** Sweeney, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 1, 2011

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara, Esq.
2077 East Fourth Street
Second Floor
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Daniel South, Esq.
        Mary McGrath, Esq.
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶ 1}   Defendant-appellant James Weaver asserts two issues in this appeal: (1) that the trial court's restitution order was an abuse of discretion, and (2) that the trial court erred by imposing consecutive sentences without making statutory findings. For the reasons that follow, we affirm.

{¶ 2}   This appeal involves defendant's guilty pleas and the sentences he received in two separate cases: CR-540025 and CR-539953.[1] In these cases, defendant pleaded guilty to two counts of breaking and entering, vandalism, and theft, which exposed him to a maximum potential prison sentence of 48 months.   As part of his guilty plea, defendant

agreed to pay restitution to the victims in both cases but demanded a hearing. We note that at the plea hearing, the state sought restitution to North American Switchgear in the amount of $3,180 and $1,000 to Rent-A-Wreck. Both parties agreed to a restitution hearing and the matter was referred to probation for a pre-sentence investigation.

{¶ 3} On November 1, 2010, the court held a sentencing hearing where it imposed a one-year concurrent prison sentence for each conviction in CR-540025 and also a one-year concurrent prison sentence for each conviction in CR-539953, but the trial court ordered the sentences from each case to run consecutively for an aggregate sentence of 24 months. The court ordered defendant to pay $1,780 in restitution to American Switch-gear and $750 in restitution to Tim Bozak. Defendant objected and the matter was continued for a restitution hearing. On November 8, 2010, the court advised that "prior to coming on the bench I had the opportunity to review the entire case file, the presentence investigation report, * * *." The state placed on the record its discussions with the victims, who had provided receipts to the probation department for the restitution sought. The state elaborated that the amounts involved a catalytic converter and installation in the amount of $750, and the other case involved a specialty door with various pieces of chain, "other pieces of scrap," with damages totaling $1,780. The victims insisted the amounts were accurate. The defense maintained there was no damage to the catalytic converter, that there was no evidence as to whether the losses were covered by insurance, and otherwise disputed that any money had actually been expended by the victims. At the first hearing,

---

[1] The record reflects that defendant was also sentenced on other matters that are

the state had advised the court that defendant had cut off the converter with a sawzall such that it could not be put back on an automobile. After hearing arguments and reviewing the evidence, the court imposed the same restitution order. Defendant has appealed.

**{¶ 4}** "Assignment of Error I: The trial court erred because it issued a restitution order without competent and credible evidence of economic harm."

**{¶ 5}** R.C. 2929.18(A)(1) provides in relevant part:

**{¶ 6}** "Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

**{¶ 7}** "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose

---

not the subject of this appeal.

restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender."

{¶ 8} We review court-ordered restitution for an abuse of discretion. "To establish the amount of restitution within a reasonable certainty, there must be some competent, credible evidence. Sufficient evidence of the amount of restitution may appear in the record. Where evidence of the appropriate amount of restitution does not appear in the record, an evidentiary hearing is required." *State v. Carrino* (May 11, 1995), Cuyahoga App. No. 67696, citing *State v. Warner* (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18.

{¶ 9} Here, the court complied with the statute and held a restitution hearing when defendant disputed the amount. The state offered the receipts that were submitted by the victims to the probation department indicating the amounts of their respective economic harm.  In opposition, defendant continued a generalized objection and did not present any evidence that would refute the amounts suggested by the victims, such as contrary estimates. The trial court's restitution order was not an abuse of discretion. This assignment of error is overruled.

{¶ 10} "Assignment of Error II: The trial court erred because it failed to state its justification for imposing consecutive sentences."

{¶ 11} The trial court imposed defendant's sentence on November 8, 2010.  At that time, the law in Ohio did not require it to make any statutory findings as a prerequisite to

imposing consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. *Hodge* held the following:

{¶ 12} "1. The jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences. (*Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, construed.)

{¶ 13} "2. The United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 14} "3. Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made."

{¶ 15} Contrary to defendant's argument, *Hodge* did not automatically revive the statutes that were excised by *Foster*. *Hodge* is dispositive of this assignment of error, which is overruled.[2]

Judgment affirmed.

---

[2] We realize that the General Assembly subsequently enacted legislation that affected Ohio's sentencing laws; however, those provisions did not take effect until

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J. CONCUR

---

September 30, 2011 (months after Weaver was sentenced) and were not raised or addressed in this appeal.