[Cite as *State v. Havergne*, 2012-Ohio-810.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96951**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TYRELL HAVERGNE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-523541

**BEFORE:**    Celebrezze, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**    March 1, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Mary Court Weston
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Tyrell Havergne, appeals his sentence imposed after remand from this court for merger of allied offenses. Appellant claims that the United States Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), requires the trial court to make certain findings to order consecutive sentences. This court disagrees.

## I. Facts and Procedural History

{¶2} In 2010, appellant was convicted of one count of aggravated robbery with one- and three-year gun specifications, kidnapping, and a felony count of receiving stolen property.[1] Appellant received a total prison sentence of nine years — six years for aggravated robbery and kidnapping, and 11 months for receiving stolen property, to be served concurrently to each other, but consecutively to a three-year sentence for the firearm specification, and consecutively to the sentence imposed in another case (Case No. CR-519476).

{¶3} Appellant successfully argued before this court that his convictions for aggravated robbery and kidnapping were allied offenses and that the state failed to adduce

---

[1] A more detailed recitation of the facts underlying this case can be found in *State v. Havergne,* 8th Dist. No. 95090, 2011-Ohio-935, 2011 WL 743217, ¶ 4-13 ("*Havergne I*").

sufficient evidence of the value of the stolen property necessary to sustain a felony charge. *Havergne I.*

{¶4} On remand for resentencing, on May 17, 2011, the trial court merged the aggravated robbery and kidnapping counts, and the state elected to proceed with sentencing on the aggravated robbery charge. The court imposed the same aggregate nine-year sentence by eliminating the concurrent six-year term of incarceration for kidnapping and reducing the sentence for receiving stolen property from 11 months to six, to be served concurrently to each other, but consecutively to the three-year firearm specification as required by R.C. 2929.14 and 2941.145. The trial court still ordered the sentence to be served consecutively to that imposed in CR-519476. Appellant objected to the consecutive sentences without findings by the trial court pursuant to R.C. 2929.14 and 2929.19 in light of the *Ice* decision. The trial court overruled the objection, and appellant filed the instant appeal.

## II. Law and Analysis

### A. Specific Findings are not Required in Order to Impose Consecutive Sentences

{¶5} The recently intractable history of imposing consecutive sentences began with the Ohio Supreme Court's decision striking provisions of Ohio's criminal sentencing statutes embodied in R.C. 2929.14. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. This decision was based on the interpretation of the Supreme Court cases, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In

*Apprendi*, the Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490.

{¶6} *Blakely* took that holding even further where Washington's sentencing laws allowed for enhanced sentences based on factors other than those that were used in computing the standard range sentence for the offense. *Id*. at 304. It held that the statutory maximum was that which a "judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (Emphasis sic.) *Id*. Anything further would improperly usurp the role of a jury as factfinder and unconstitutionally inhibit a defendant's Sixth Amendment rights.

{¶7} The Ohio Supreme Court determined that Ohio's statutorily required findings necessary to impose consecutive sentences impinged upon a defendant's Sixth Amendment right to a trial by jury. *Foster* at paragraph one of the syllabus. However, after *Foster* was decided, the Supreme Court determined that a state could require its judiciary to make specific findings necessary to impose consecutive rather than concurrent sentences without impinging on a jury's role as factfinder. *Ice*, 555 U.S. at 163-164, 129 S.Ct. 711, 172 L.Ed.2d 517.

{¶8} To rectify this apparent contradiction, the Ohio Supreme Court decided that *Foster* still validly excised those sections requiring findings before imposing maximum or consecutive sentences. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. It, however, held that the state legislature could enact similar legislation. *Id*. at

paragraph three of the syllabus. This pragmatic approach culminated in an overhaul of Ohio's sentencing provisions, including some similar requirements to those in existence prior to *Foster*.[2]

{¶9} At the time of appellant's resentencing, *Hodge* had been decided, but the new sentencing guidelines had not been enacted by the legislature. Therefore, the trial court was not required to make findings in order to impose a sentence consecutive to that imposed in Case No. CR-519476. *Hodge* at paragraph three of the syllabus; *State v. Nimmer*, 8th Dist. No. 95471, 2011-Ohio-1807, 2011 WL 1419751, ¶ 6-8; *State v. Walker*, 8th Dist. No. 96076, 2011-Ohio-4505, 2011 WL 3941265, ¶ 4-5; *State v. Weaver*, 8th Dist. No. 96505, 2011-Ohio-6163, 2011 WL 5999005.

{¶10} Accordingly, appellant's sole assignment of error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[2] The trial court must now make certain findings in order to impose consecutive sentences according to the revised sentencing provisions found in 2011 H.B. 86, effective September 30, 2011.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR