[Cite as *State v. Havergne*, 2012-Ohio-4270.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96951

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TYRELL HAVERGNE

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-523541
Application for Reopening
Motion No. 455517

**RELEASE DATE:**    September 17, 2012

**FOR APPELLANT**

Tyrell Havergne, pro se
Inmate No. A-583794
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio   44430


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By:    Mark J. Mahoney
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Tyrell Havergne has filed an application for reopening pursuant to App.R. 26(B). Havergne is attempting to reopen the appellate judgment, as rendered in *State v. Havergne*, 8th Dist. No. 96951, 2012-Ohio-810, which affirmed the sentence imposed by the trial court after remand for the merger of allied offenses of similar import. We decline to reopen Havergne's appeal.

**{¶2}** App.R. 26(B)(2)(b) requires that Havergne establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has established that:

> We now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). *** Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule. (Emphasis added.)

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73

Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶3} Herein, Havergne is attempting to reopen the appellate judgment that was journalized on March 1, 2012. The application for reopening was not filed until May 31, 2012, more than 90 days after journalization of the appellate judgment in *Havergne, supra*. Havergne has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. *State v. Klein*, 8th Dist. No. 58389, 1991 Ohio App. LEXIS 1346 (Mar. 28, 1991), *reopening disallowed*, Motion No. 249260 (Mar. 15, 1994), *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. No. 67834, 1995 Ohio App. LEXIS 2962 (July 13, 1995), *reopening disallowed*, Motion No. 270493 (Apr. 22, 1996); *State v. Travis*, 8th Dist. No. 56825, 1990 Ohio App. LEXIS 1356 (Apr. 5, 1990), *reopening disallowed*, Motion No. 251073 (Nov. 3, 1994), *aff'd*, 72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226. *See also State v. Gaston*, 8th Dist. No. 79626, 2007-Ohio-155; *State v. Torres*, 8th Dist. No. 86530, 2007-Ohio-9.

{¶4} Accordingly, the application for reopening is denied.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR