[Cite as *State v. Barnett*, 2021-Ohio-822.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2020-0037 |
| WILLIAM BARNETT | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Crimial appeal from the Muskingum County
                             Court of Common Pleas, Case No.2008-
                             0210

JUDGMENT:

DATE OF JUDGMENT ENTRY:       March 17, 2021

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

D. MICHAEL HADDOX                     JAMES ANZELMO
Prosecuting Attorney                  446 Howlad Drive
BY: TAYLOR P. BENNINGTON              Gahana, OH 43230
Assistant Prosecutor
27 North Fifth St., Box 189
Zanesville, OH 43701

*Gwin, P.J.*

{¶1}   Defendant-appellant William J. Barnett ["Barnett"] appeals the May 20, 2020 Judgment Entry of the Muskingum County Court of Common Pleas overruling his Petition to Vacate or Set Aside Judgment of Conviction or Sentence.

*Facts and Procedural History*

{¶2}   Barnett entered a plea of guilty on April 9, 2009, to Rape in violation of R.C. 2907.02, a felony of the first degree, and Aggravated Burglary in violation of R.C. 2911.11, a felony of the first degree. In exchange for the plea, the state nolled Count 2 of the indictment alleging kidnapping in violation of R.C. 2905.01(A)(4), the sexually violent predator specification to Count 2, the repeat violent offender specification to Count 2 and the sexually violent predator and repeat violent offender specifications to Count 3. The state recommended a 10-year sentence on Count 1 and Count 2 to be served consecutive to one another but concurrent with a sentence Barnett was currently serving in the Franklin County Court of Common Pleas. (Sent. T. at 3). *See, State v. Barnett,* 5th Dist. Muskingum No. CT2009–0025, 2010–Ohio–1695. This Court affirmed Barnett's conviction and sentence. Id.  The Ohio Supreme Court declined to exercise jurisdiction. *State v. Barnett*, 126 Ohio St.3d 1582, 2010–Ohio–4542, 934 N.E. 355 (Table).

{¶3}   On November 24, 2009, Barnett filed a petition for post-conviction relief to vacate or set aside his conviction in the trial court pursuant to R.C. 2953.21, claiming ineffective assistance of counsel alleging he was forced to accept the plea bargain due to misrepresentations made by counsel, he was denied a right to a preliminary hearing and his right to a speedy trial was violated. The trial court denied Barnett's petition by

Judgment Entry filed November 24, 2009. No appeal was filed from the trial court's judgment entry denying Barnett's petition.

{¶4}    On October 23, 2015, Barnett filed: 1). Motion for Hearing on Newly Discovered Evidence; 2). Crim.R. 33(A)(4)(6) Motion for a New Trial on Evidence Not Available for Seven Years; 3).Crim.R. 32.1 Motion for Withdrawal of Guilty Plea—Hearing Requested. On October 30, 2015, Barnett filed a Motion to Dismiss Alleged DNA Evidence. On November 18, 2015, Barnett filed an Amended Motion to Suppress Alleged DNA Evidence. The state filed a response to each motion filed by Barnett. The trial court denied all of Barnett's motions by Judgment Entry filed May 26, 2016. *State v. Barnett*, 5th Dist. Muskingum No. CT2016-0028, 2016 WL 7159140, at *1-3(Dec. 5, 2016). This Court affirmed the judgment of the trial court. Id. On May 17, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Barnett*, 149 Ohio St.3d 1408 (Ohio 2017).

{¶5}    Barnett filed his habeas petition on December 4, 2017, presenting fifteen claims. *Barnett v. Warden, Marion Corr. Inst.,* S.D. Ohio No. 2:17-CV-1099, 2018 WL 5266755(Oct. 23, 2018).   Barnett also filed a request for discovery, alleging that the state concealed DNA evidence and prevented him from viewing any discovery material before June 2015, when he obtained documents from the Muskingum County Sheriff's Office. The warden filed a motion to dismiss Barnett's petition as time-barred. Barnett responded, conceding that his petition was untimely but arguing that he was entitled to equitable tolling. Id.

{¶6}    The magistrate judge reviewed the parties' pleadings and first determined that the record did not support Barnett's allegation that the prosecution withheld DNA or

other evidence or that Barnett was unable to obtain discovery material. Accordingly, the magistrate judge denied Barnett's motion for discovery. The magistrate judge further concluded that Barnett's reasons for equitable tolling—appellate counsel's refusal to contact him after the 2010 dismissal of his appeal by the Ohio Supreme Court; his poor health, which has required several surgeries over the years; and his claim of actual innocence—did not provide sufficient justification to toll the limitations period. The magistrate judge therefore recommended granting the warden's motion to dismiss. *Barnett v. Warden, Marion Corr. Inst.,* 2018 WL 5266755 at *10. Over Barnett's objections, the district court adopted the magistrate judge's report, granted the warden's motion to dismiss, dismissed Barnett's petition, and declined to issue a certificate of appealability ["COA"] *See, Barnett v. Wainwright* ,6th Cir. No. 19-3207, 2019 WL 2489655 at *1(May 30, 2019). On appeal, the Sixth Circuit Court of Appeals denied Barnett's' application for a COA. Id. at *3.

{¶7}   On April 7, 2020, Barnett filed a petition to vacate or set aside judgment of conviction or sentence. By Judgment Entry filed May 1, 2020, the trial court denied Barnett's petition.

*Assignments of Error*

{¶8}   Barnett raises one Assignments of Error,

{¶9}   "I. THE TRIAL COURT ERRED BY DENYING BARNETT'S MOTION TO VACATE HIS SENTENCES BECAUSE THE TRIAL COURT UNLAWFULLY ORDERED BARNETT TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO

CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

*Law and Analysis*

{¶10} In his sole assignment of error, Barnett contends that the trial court improperly imposed consecutive sentences because the trail court failed to make the appropriate findings. Barnett further contends that this court should sua sponte construe Barnett's motion and appeal as a motion to re-open his direct appeal pursuant to App.R. 26.

**Res Judicata**

{¶11} Res judicata generally bars a defendant from raising claims in a post-sentencing motion to vacate or set aside judgment of conviction or sentence that he raised or could have raised on direct appeal. *See State v. Straley,* 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶23.

{¶12} In the case at bar, in his direct appeal Barnett raised, among others, the following error,

> "III.   THE DEFENDANT–APPELLANT WAS DENIED DUE PROCESS AND WAS TWICE PLACED IN JEOPARDY IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN HE WAS SENTENCED TO CONSECUTIVE TERMS OF IMPRISONMENT FOR THE SAME OFFENSE."

*See, State v. Barnett,* 5th Dist. Muskingum No. CT2009–0025, 2010–Ohio–1695.

{¶13} Barnett was sentenced on May 11, 2009. In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held some sections and provisions of Ohio's sentencing statutes unconstitutional based on the decisions of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403(2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435(2000). *See, State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. Among the provisions held unconstitutional in *Foster* were those requiring a trial judge to make certain findings prior to imposing consecutive sentences, R.C. 2929.14(E)(4), and creating presumptively concurrent terms, R.C. 2929.41(A). *State v. Havergne,* 8th Dist. Cuyahoga No. 96951, 2012-Ohio-810. To remedy this constitutional defect, these provisions were severed from the remaining, valid portions of the statutory sentencing framework. Id.

{¶14} After the decision in *Foster*, trial judges who imposed consecutive sentences did not need to apply the provisions severed by *Foster* but instead were to apply the law that was displaced by the enactment of the severed provisions. *State v. Hodge,* 128 Ohio St.3d 1 at ¶2. However, after *Foster* was decided, the United States Supreme Court determined that a state could require its judiciary to make specific findings necessary to impose consecutive rather than concurrent sentences without impinging on a jury's role as factfinder. *Oregon v. Ice,* 555 U.S.160, 163–164, 129 S.Ct. 711, 172 L.Ed.2d 517(2009).

{¶15} Subsequent to the decision in *Ice,* the Ohio Supreme Court decided that *Foster* still validly excised those sections requiring findings before imposing maximum or consecutive sentences. *State v. Hodge*, 128 Ohio St.3d 1, 2010–Ohio–6320, 941 N.E.2d

768. The Supreme Court, however, held that the state legislature could enact similar legislation. Id. at paragraph three of the syllabus. This approach culminated in an overhaul of Ohio's sentencing provisions, including some similar requirements to those in existence prior to *Foster. State v. Havergne,* 8th Dist. Cuyahoga No. 96951, 2012-Ohio-810, ¶8.

{¶16} At the time of Barnett's sentencing, *Hodge* had not been decided, and the new sentencing guidelines had not been enacted by the legislature. Therefore, the trial court was not required to make findings in order to impose consecutive sentences. *Hodge* at paragraph three of the syllabus.

{¶17} At the time of Barnett's sentencing, appellate review was limited to whether the General Assembly authorized separate punishments for the crimes committed by the appellant. *See, State v. Bickerstaff,* 10 Ohio St.3d 62, 65, 461 N.E.2d 892 (1984). Barnett raised this issue in his direct appeal. We found in the previous appeal, "[Barnett's] double jeopardy rights were not violated because aggravated burglary and rape are not allied offenses of similar import." *State v. Barnett,* 5th Dist. Muskingum No. CT2009–0025, 2010–Ohio–1695, ¶33.

{¶18} Accordingly, because the trial court was not required to make findings in order to impose consecutive sentences and, further, Barnett's had raised the issue of whether the General Assembly authorized separate punishments for the crimes committed by Barnett in his direct appeal, the trial court did not err in finding that Barnett's motion to vacate or set aside judgment of conviction or sentence was barred by res judicata.

{¶19} Barnett's sole assignment of error is overruled.

{¶20} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur