THE STATE OF OHIO, APPELLEE, *v.* GUMM, APPELLANT.

[Cite as *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755.]

(No. 2004–0347—Submitted August 17, 2004—Decided September 22, 2004.)

**Per Curiam.**

{¶ 1} Appellant, Darryl Gumm, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶ 2} Gumm was tried and convicted in Hamilton County for the 1992 kidnapping and murder of a ten-year-old Cincinnati boy named Aaron Raines. Gumm was sentenced to death for the murder. The court of appeals affirmed his convictions and the death sentence in 1994. *State v. Gumm* (Feb. 16, 1994), Hamilton App. Nos. C–920907 and B–925608, 1994 WL 44411. We then affirmed the appellate court's judgment. *State v. Gumm* (1995), 73 Ohio St.3d 413, 653 N.E.2d 253.

{¶ 3} On September 15, 2003, Gumm filed an application to reopen his appeal in the court of appeals under App.R. 26(B), alleging that he did not receive the effective assistance of appellate counsel in the court of appeals. That court denied the application in January 2004, citing Gumm's failure to comply with the 90–day filing deadline in App.R. 26(B). The court of appeals also found that Gumm had not shown "good cause" for his failure to file his application within the time limit set by the rule.

{¶ 4} Gumm has now filed a timely appeal.

{¶ 5} We affirm the judgment of the court of appeals. Gumm did not comply with App.R. 26(B), which states that "[a]n application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Gumm waited more than nine years before filing his application.

{¶ 6} He argues that he had good cause for missing the 90–day deadline set by the rule. One of the two attorneys who represented him in the initial appeal before the court of appeals continued to represent him in this court for many months after the court of appeals ruled against him in February 1994. That attorney, Gumm argues, could not be expected to challenge his own effectiveness at any time, let alone within 90 days of the appellate court's ruling. And Gumm

himself did not have the legal experience or financial resources to file the application for reopening on his own, his current attorney says.

{¶ 7} We now reject Gumm's claim that those excuses gave him good cause to miss the 90–day deadline in App.R. 26(B). The rule was amended to include the 90–day deadline more than seven months before Gumm's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.

{¶ 8} Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90–day deadline for the filing of applications to reopen. Gumm could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline.

{¶ 9} To be sure, as Gumm contends, "counsel cannot be expected to argue their own ineffectiveness." *State v. Davis* (1999), 86 Ohio St.3d 212, 214, 714 N.E.2d 384. Other attorneys—or Gumm himself—could have pursued the application, however. Nothing prevented them or him from doing so, and in fact other attorneys did pursue federal habeas relief on Gumm's behalf beginning in 1998. Those attorneys or others could have filed a timely application under App.R. 26(B) for Gumm in 1994. In any event, ample opportunities existed well before September 2003 for Gumm himself or his attorneys to file an application for reopening. As we have said, "[g]ood cause can excuse the lack of a filing only while it exists, not for an indefinite period." *State v. Fox* (1998), 83 Ohio St.3d 514, 516, 700 N.E.2d 1253. The excuse that Gumm and his attorneys were occupied with other appeals or that they simply neglected to pay attention to the rule is not "good cause" for missing the filing deadline.

{¶ 10} And Gumm himself cannot rely on his own alleged lack of legal training to excuse his failure to comply with the deadline. "Lack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief" under App.R. 26(B). *State v. Reddick* (1995), 72 Ohio St.3d 88, 91, 647 N.E.2d 784. The 90–day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Gumm offers no sound reason why he—unlike so many other

Ohio criminal defendants—could not comply with that fundamental aspect of the rule.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., concurs separately.

---

**PFEIFER, J., concurring.**

{¶ 11} I concur with the result in this case. However, I find Gumm's lack of timeliness to arise not at the expiration of the 90–day period set forth in App.R. 26(B), but rather from the years-long delay that occurred after Gumm had obtained new counsel.

{¶ 12} App.R. 26(B) provides:

{¶ 13} "(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment *unless the applicant shows good cause for filing at a later time.*" (Emphasis added.)

{¶ 14} I believe that in death penalty cases, we should have a heightened tolerance for what constitutes good cause for the filing of a reopening application beyond the 90–day time limit. Also, this court has previously acknowledged that counsel should not be expected to argue his or her own incompetence. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529, 639 N.E.2d 784; *State v. Cole* (1982), 2 Ohio St.3d 112, 114, 2 OBR 661, 443 N.E.2d 169. Therefore, I would suspend the 90–day time limit until a defendant has released his allegedly deficient appellate counsel or until the defendant has hired additional counsel.

{¶ 15} Here, Gumm had different attorneys pursuing federal habeas relief on his behalf beginning in 1998. The five-year gap between the involvement of those attorneys and Gumm's 2003 application for reopening strains even an expanded interpretation of reasonability.

---

Michael K. Allen, Hamilton County Prosecuting Attorney, and James Michael Keeling, Assistant Prosecuting Attorney, for appellee.

Kathleen McGarry, for appellant.