JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Erwin Bolan has filed an application for reopening pursuant to App.R. 26(B). Bolan is attempting to reopen the appellate judgment that was rendered in State v. Bolan, Cuyahoga App. No. 85993, 2005-Ohio-6970, which affirmed his conviction for the offenses of felonious assault, having weapons while under disability, and attempted murder. We decline to reopen Bolan's appeal.
 {¶ 2} App.R. 26(B)(2)(b) requires that Bolan establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Ohio Supreme Court, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has recently established that:
 {¶ 3} "We now reject Gumm's claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before Gumm's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
 {¶ 4} "Ohio and other states `may erect reasonable proceduralrequirements for triggering the right to an adjudication,' Logan v.Zimmerman *Page 4 Brush Co. (1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed 2d 265, andthat is what Ohio has done by creating a 90-day deadline for the filingof applications to reopen. Gumm could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in the rule is `applicableto all appellants,' State v. Winstead (1996), 74 Ohio St.3d 277, 278,658 N.E.2d 722, and Gumm offers no sound reason why he-unlike so manyother Ohio criminal defendants — could not comply with that fundamentalaspect of the rule. (Emphasis added.)" State v. Gumm,103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7. See, also, State v.LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; State v.Cooey, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; State v.Reddick, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.
 {¶ 5} Herein, Bolan is attempting to reopen the appellate judgment that was journalized on January 9, 2006. The application for reopening was not filed until August 27, 2007, more than 90 days after journalization of the appellate judgment in State v. Bolan, supra. Bolan has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammel! (July 24, 1995), Cuyahoga *Page 5 
App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493;State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995),72 Ohio St.3d 317. See, also, State v. Gaston, Cuyahoga App. No. 79626,2007-Ohio-155; State v. Torres, Cuyahoga App. No. 86530, 2007-Ohio-9.
 {¶ 6} Accordingly, the application for reopening is denied.
 KENNETH A. ROCCO, J., and MELODY J. STEWART, J., CONCUR *Page 1