JOURNAL ENTRY AND OPINION
{¶ 1} Azzam Ahmed has filed an application for reopening pursuant to App.R. 26(B). Ahmed is attempting to reopen the appellate judgment that was rendered in State v. Ahmed, Cuyahoga App. No. 84220, 2005-Ohio-2999, which affirmed his conviction for the offenses of rape, sexual battery, and sexual imposition, but remanded for resentencing. For the following reasons, we deny the application for reopening.
 {¶ 2} App.R. 26(B)(2)(b) requires that Ahmed establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Ohio Supreme Court, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that:
 {¶ 3} "We now reject Gumm's claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before Gumm's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved. *Page 4 
 {¶ 4} "Ohio and other states `may erect reasonable proceduralrequirements for triggering the right to an adjudication,' Logan v.Zimmerman Brush Co. (1982), 455 U.S. 422, 437, 102 S.Ct 1148,71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadline forthe filing of applications to reopen. Gumm could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in therule is `applicable to all appellants,' State v. Winstead (1996),74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Gumm offers no sound reason whyhe-unlike so many other Ohio criminal defendants — could not comply withthat fundamental aspect of the rule." State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7 (emphasis added). See, also,State v. LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970;State v. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252;State v. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.
 {¶ 5} Herein, Ahmed is attempting to reopen the appellate judgment that was journalized on June 27, 2005. The application for reopening was not filed until December 11, 2007, more than 90 days after journalization of the appellate judgment in State v. Ahmed, supra. Ahmed has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein *Page 5 
(Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481;State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317. See, also,State v. Gaston, Cuyahoga App. No. 79626, 2007-Ohio-155; State v.Torres, Cuyahoga App. No. 86530, 2007-Ohio-9.
 {¶ 6} In addition, we find that the doctrine of res judicata prevents this court from reopening Ahmed's appeal. The principles of res judicata may be applied to bar the further litigation of issues which were raised previously or could have been raised through an appeal. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Claims of ineffective assistance of appellate counsel raised in an application for reopening, may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204; State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 7} Herein, Ahmed filed a notice of appeal in the Ohio Supreme Court, through counsel who did not represent him on appeal in this court. On November 23, 2005, the Ohio Supreme Court denied Ahmed leave to appeal and dismissed his appeal. See State v. Ahmed,107 Ohio St.3d 1424, 2005-Ohio-6124, 837 N.E.2d 1208. Since Ahmed raised or could have raised his claim of ineffective assistance of *Page 6 
appellate counsel, upon appeal to the Ohio Supreme Court, we find that res judicata now bars any further review of the issue. State v.Coleman (Feb 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547. It must also be noted that the five proposed assignments of error, raised by Ahmed in the present application for reopening, were previously raised and found to be without merit on appeal. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust.
 {¶ 8} Finally, we find that Ahmed has failed to establish that appellate counsel was deficient by not raising the aforesaid five proposed assignments of error in a federal constitutional context. This court, in State v. Lopez, (May 13, 1999), Cuyahoga App. No. 74096, reopening disallowed (May 11, 2000), Motion No. 12480, held that:
 {¶ 9} "The fact that applicant's appellate counsel did not present the assignments of error as federal constitutional violations does not preclude applicant from raising these issues in a federal habeas petition and having them reviewed by a federal court if counsel's failure to do so amounted to ineffective assistance of appellate counsel. See White v. Schotten (6th Cir. 2000),201 F.3d 743. Consequently, applicant is not prejudiced.
 {¶ 10} "Moreover, the focus of this court when reviewing anapplication for reopening is whether an applicant was deprived of theeffective assistance of *Page 7 counsel on appeal in this court. * * *. Applicant has claimed potential prejudice in a future habeas proceeding in federal court based upon appellate counsel's performance on direct appeal, but applicant has made no argument of how counsel's performance affected his appeal in this court. Applicant has not shown that he had a reasonable probabilityof success on appeal had appellate counsel presented the assignments of error in a federal context." State v. Lopez, supra, at 7 (emphasis added).
 {¶ 11} Since Ahmed has failed to establish prejudice, as a result of his counsel's failure to argue the proposed assignments of error in a federal context and the failure to demonstrate a reasonable probability of success on appeal, we decline to reopen Ahmed's appeal.
 {¶ 12} Accordingly, the application for reopening is denied.
 COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1