[Cite as *State v. Wilson*, 2013-Ohio-1787.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97940

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# DEONTE M. WILSON

### DEFENDANT-APPELLANT

---

### JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-554666
Application for Reopening
Motion No. 462197

**RELEASE DATE:** April 26, 2013

**FOR APPELLANT**

Deonte M. Wilson, pro se
Inmate No. 622-053
Trumbull Correctional Institution
P.O. Box 901
5701 Burnett Road
Leavittsburg, OH   44430


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Denise J. Salerno
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1}  Deonte M. Wilson has filed an application for reopening pursuant to App.R. 26(B).  Wilson is attempting to reopen the appellate judgment, rendered in *State v. Wilson*, 8th Dist. No. 97940, 2012-Ohio-4819, which affirmed his conviction for the offenses of aggravated robbery and having weapons while under disability.  We decline to reopen Wilson's appeal.

{¶2}  App.R. 26(B)(2)(b) requires that Wilson establish "a showing of good cause" for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment, which is subject to reopening.  The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has recently established that:

> We now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B).* * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90- day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-248, 647 N.E.2d 784.

{¶3}  Herein, Wilson is attempting to reopen the appellate judgment that was journalized on October 18, 2012. The application for reopening was not filed until February 5, 2013, more than 90 days after journalization of the appellate judgment in *State v. Wilson*, *supra*. Wilson has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. *State v. Klein*, 8th Dist. No. 58389, Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 70493; *State v. Travis*, 8th Dist. No. 56825, 1990 Ohio App. LEXIS 1356 (Apr. 5, 1990), *reopening disallowed* (Nov. 2, 1994), Motion No. 51073, *aff'd*, 72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226. *See also State v. Gaston*, 8th Dist. No. 79626, 2007-Ohio-155; *State v. Torres*, 8th Dist. No. 86530, 2007-Ohio-9.

{¶4}  Accordingly, the application for reopening is denied.


TIM McCORMACK, JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR