[Cite as *State v. Davis*, 2013-Ohio-5015.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA


JOURNAL ENTRY AND OPINION
**Nos. 97689, 97691 and 97692**


# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# EDDIE DAVIS

DEFENDANT-APPELLANT


**JUDGMENT:**
APPLICATION DENIED


Cuyahoga County Court of Common Pleas
Case Nos. CR-554690, CR-553823, and CR-555904
Application for Reopening
Motion No. 469316

**RELEASE DATE:**    November 13, 2013

**FOR APPELLANT**

Eddie Davis, pro se
Inmate No. 621-253
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:     Mark D. Bullard
        T. Allan Regas
Assistant County Prosecutors
Justice Center, 8th and 9th Floors
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

{¶1} On October 24, 2013, the applicant, Eddie Davis, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Davis*, 8th Dist. Cuyahoga Nos. 97689, 97691 and 97692, 2012-Ohio-3951, in which this court affirmed Davis's sentences for burglary, theft, and breaking and entering.[1] Davis now argues that his appellate counsel should have argued that the burglary and theft charges were allied offenses and that the trial court did not comply with H.B. 86 in imposing consecutive sentences. For the following reasons, this court denies the application.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. Davis's October 2013 application was filed approximately 14 months after this court's decision. Thus, the application is untimely on its face. In an effort to show good cause, Davis stated the following in paragraph four of his supporting affidavit: "Appellant['s] reason for delay is due to his ongoing health treatment and medications in which the Appellant suffers from

---

[1] In *State v. Davis,* Cuyahoga C.P. No. CR-554690, Davis pleaded guilty to burglary and grand theft; the trial court sentenced him to concurrent terms of six years on the burglary charge and 12 months on the grand theft charge. In *State v. Davis*, Cuyahoga C.P. No. CR-555904, Davis pleaded guilty to burglary and theft; the trial court sentenced him to concurrent terms of three years for burglary and six months for theft. In *State v. Davis,* Cuyahoga C.P. No. CR-553823, Davis pleaded guilty to breaking and entering and grand theft; the trial court sentenced him to concurrent terms of 12 months for each charge. The trial court further ordered that the terms for each case are to be served consecutively for a total of ten years. The trial court noted Davis's extensive criminal record and the harm caused the victims. Appellate counsel argued that the trial court did not make the specific findings under R.C.

seizures due to being shot in the head [sic] which he is prescribed Dilantin." However, Davis does not support his claim with any medical records or documentation.

{¶3} In *State v. Gilbert*, 8th Dist. Cuyahoga No. 90856, 2009-Ohio-607, *reopening disallowed*, 2010-Ohio-4103, this court held that a self-serving affidavit pleading medical incapacity does not show good cause for untimely filing. This court reasoned that it would be all too easy for an applicant to claim a medical excuse; thus, a medical claim must be supported by authenticated records substantiating the medical condition in order to show good cause. *State v. Brooks*, 8th Dist. Cuyahoga No. 94978, 2011-Ohio-1679, *reopening disallowed* 2012-Ohio-915; *State v. Austin*, 8th Dist. Cuyahoga No. 87169, 2006-Ohio-4120, *reopening disallowed*, 2012-Ohio-1338; and *State v. Kinder*, 8th Dist. Cuyahoga No. 94722, 2011-Ohio-1061, *reopening disallowed* 2012-Ohio-1339. Therefore, Davis has not established good cause.

{¶4} Moreover, the Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. Because Davis has not established good cause for untimely filing, this court denies the application.

{¶5} Accordingly, the application for reopening is denied.

_____

2929.14 to impose consecutive sentences.

EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR