[Cite as *State v. Woods*, 2014-Ohio-296.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 82789**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LELAND WOODS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-429282
Application for Reopening
Motion No. 470069

**RELEASE DATE:** January 29, 2014

**FOR APPELLANT**

Leland Woods, pro se
Inmate # A443897
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    James M. Price
Assistant County Prosecutor
Justice Center, Courts Tower
9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

{¶1} Leland Woods has filed an application for reopening pursuant to App.R. 26(B).[1] Woods is attempting to reopen the appellate judgment, rendered in *State v. Woods*, 8th Dist. Cuyahoga No. 82789, 2004-Ohio-2700, which affirmed his convictions for rape, gross sexual imposition, and kidnapping. For the reasons that follow, the application is denied.

{¶2} Woods has failed to comply with App.R. 26(B)(4) because his application for reopening exceeds the ten-page limit. This procedural defect provides sufficient grounds for dismissing the application for reopening. *State v. Harris*, 8th Dist. Cuyahoga No. 94388, 2011-Ohio-4403, ¶ 2; *see also State v. Peeples*, 71 Ohio St.3d 349, 643 N.E.2d 1112 (1994) (affirming denial of application to reopen for reasons that included failure to comply with the ten-page limit of the rule.)

{¶3} In addition, Woods's application is untimely. App.R. 26(B)(2)(b) requires that Woods establish a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment, which is

---

[1] In addition to citing App.R. 26(B), Woods references App.R. 26(A) and asks this court to "reconsider" the decision issued in 2004. An application to reconsider in this matter is extremely untimely. *See* App.R. 26(A)(1)(a). Woods has not presented any extraordinary circumstances that would merit an enlargement of time to allow the reconsideration of an opinion over nine years after it was issued and his request for reconsideration is denied. *See* App.R. 14(B) ("Enlargement of time to file an application for reconsideration * * * pursuant to App.R. 26(A) shall not be granted except on a showing of extraordinary circumstances.")

subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has established that:

> Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead*, 74 Ohio St.3d 277, 278, 1996 Ohio 52, 658 N.E.2d 722 (1996) and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶4} In *Gumm* and *Lamar*, the Ohio Supreme Court upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant had failed to show "good cause for filing at a later time." Likewise, this court has found that we need not reach the merits of an App.R. 26(B) application if the applicant fails to demonstrate good cause for the delayed filing. *State v. McNeal,* 8th Dist. Cuyahoga No. 91507, 2009-Ohio-6453, ¶ 4. The 90-day deadline for filing must be

strictly enforced. *State v. Davis*, 8th Dist. Cuyahoga Nos. 97689, 97691 and 97692, 2013-Ohio-5015, ¶ 4, citing *Gumm*, 103 Ohio St.3d 162.

{¶5} The appellate judgment that Woods seeks to reopen was journalized on June 14, 2004. The application for reopening was not filed until November 21, 2013, and beyond the 90-day deadline for reopening. Woods has not offered any good cause to justify his untimely filed application. Furthermore, courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. *State v. Klein*, 8th Dist. Cuyahoga No. 58389, 1991 Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed*, Motion No. 249260 (Mar. 15, 1994), *aff'd*, *State ex rel. Dines v. Eighth Dist. Ct. of Appeals,* 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 13, 1995), *reopening disallowed*, Motion No. 270493 (Apr. 22, 1996); *State v. Cummings*, 8th Dist. Cuyahoga No. 69966, 1996 Ohio App. LEXIS 4565 (Oct. 17, 1996), *reopening disallowed*, Motion No. 292134 (Mar. 26, 1998); and *State v. Young*, 8th Dist. Cuyahoga Nos. 66768 and 66769, 1994 Ohio App. LEXIS 4634 (Oct. 13, 1994), *reopening disallowed*, Motion No. 266164 (Dec. 5, 1995). Ignorance of the law is no excuse. Courts have also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Being "unlearned in law" and having limited access to the prison library do not satisfy the good cause requirement of App.R. 26(B). *State v. Kitchen*, 8th Dist. Cuyahoga No. 69430, 1996 Ohio App. LEXIS 2713 (June 27, 1996), *reopening disallowed*, 1997 Ohio App. LEXIS 2318 (May 22, 1997), citing *State v.*

*Cloud*, 8th Dist. Cuyahoga No. 68439, 1995 Ohio App. LEXIS 4331 (Sept. 28, 1995), *reopening disallowed*, Motion No. 73557 (Oct. 8, 1996)   Untimeliness alone is sufficient to deny the application.   *Gumm,* 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861*; LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970.

{¶6} Accordingly, the application for reopening is denied.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR