[Cite as *State v. Orr*, 2014-Ohio-2384.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96377**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAXIE ORR, JR.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-541628
Application for Reopening
Motion No. 474040

**RELEASE DATE:** June 4, 2014

**FOR APPELLANT**

Maxie Orr, Jr., pro se
Inmate #600-040
Grafton Correctional Institution
2500 South Avon Beldon Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:     John Patrick Colan
          Mary H. McGrath
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

{¶1} Maxie Orr ("Orr") has filed an application for reopening pursuant to App.R. 26(B). Orr is attempting to reopen the appellate judgment rendered in *State v. Orr*, 8th Dist. Cuyahoga No. 96377, 2011-Ohio-6269, which affirmed his convictions on firearm specifications, attempted murder, aggravated robbery, theft, carrying a concealed weapon, and discharge of a firearm on or near prohibited premises. Orr maintains his appellate counsel was ineffective for failing to challenge the imposition of multiple firearm specifications. The state has opposed the application as being untimely and without merit. For the reasons that follow, the application is denied.

{¶2} Orr's application is untimely because it was not filed within 90 days from journalization of the appellate judgment as required by App.R. 26(B)(1). In order to permit the court to consider an untimely filed application, App.R. 26(B)(2)(b) requires Orr to establish a showing of good cause.

{¶3} The Ohio Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed, and the applicant had failed to show "good cause for filing at a later time." *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7; *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. This court has found that we need not reach the merits of an App.R. 26(B) application if the applicant fails to demonstrate good cause for the delayed filing. *State v. McNeal*, 8th Dist. Cuyahoga No. 91507, 2009-Ohio-6453, ¶

4. The 90-day deadline for filing must be strictly enforced. *State v. Davis*, 8th Dist. Cuyahoga Nos. 97689, 97691 and 97692, 2013-Ohio-5015, ¶ 4, citing *Gumm*.

{¶4} The appellate judgment that Orr seeks to reopen was journalized on December 8, 2011. The application for reopening was not filed until April 16, 2014, well beyond the 90-day deadline for reopening.

{¶5} Orr argues that good cause exists for his delayed filing because he is unversed in the law, he has limited law resources in prison and because he initially pursued other remedies in the trial court. Courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. *State v. Klein*, 8th Dist. Cuyahoga No. 58389, 1991 Ohio App. LEXIS 1346 (Mar. 28, 1991), *reopening disallowed*, Motion No. 249260 (Mar. 15, 1994), *aff'd*; *State ex rel. Dines v. Eighth Dist. Ct. of Appeals*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 13, 1995), *reopening disallowed*, Motion No. 270493 (Apr. 22, 1996); *State v. Cummings*, 8th Dist. Cuyahoga No. 69966, 1996 Ohio App. LEXIS 4565 (Oct. 17, 1996), *reopening disallowed*, Motion No. 292134 (Mar. 26, 1998); and *State v. Young*, 8th Dist. Cuyahoga Nos. 66768 and 66769, 1994 Ohio App. LEXIS 4634 (Oct. 13, 1994), *reopening disallowed*, Motion No. 266164 (Dec. 5, 1995). Ignorance of the law is no excuse.

{¶6} Courts have also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Being "unlearned in law" and having limited access to the prison library do not satisfy the good cause requirement of App.R.

26(B). *State v. Kitchen*, 8th Dist. Cuyahoga No. 69430, 1996 Ohio App. LEXIS 2713 (June 27, 1996), *reopening disallowed*, 1997 Ohio App. LEXIS 2318 (May 22, 1997), citing *State v. Cloud*, 8th Dist. Cuyahoga No. 68439, 1995 Ohio App. LEXIS 4331 (Sept. 28, 1995), *reopening disallowed*, Motion No. 73557 (Oct. 8, 1996).

{¶7} Finally, the excuse that applicant was occupied with other appeals is not "good cause" for missing the filing deadline. *Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 3.

{¶8} Orr has not established good cause for his delayed filing.

{¶9} Additionally, the trial court denied Orr's motion to merge illegal firearm specifications, and that order was affirmed on appeal in *State v. Orr,* 8th Dist. Cuyahoga No. 100166, 2014-Ohio-501. In resolving that appeal, this court explicitly found that the issue of merger of the firearm specifications was raised and addressed in his direct appeal. *Id*. at ¶ 7. Therefore, this court has already resolved the issue that applicant cites as his sole basis for reopening.

{¶10} The application for reopening is untimely, without good cause for the delay, and it fails on the merits.

Accordingly, the application for reopening is denied.


EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR