[Cite as *State v. Williams*, 2014-Ohio-4196.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 90845**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PATRICK WILLIAMS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-07-494311-A
Application for Reopening
Motion No. 475308

**RELEASE DATE:** September 23, 2014

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Maple Heights, Ohio   44137


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Adam M. Chaloupka
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Patrick Williams has filed an application for reopening pursuant to App.R. 26(B). Williams is attempting to reopen the appellate judgment, as rendered in *State v. Williams*, 8th Dist. Cuyahoga No. 90845, 2009-Ohio-2026, which affirmed his convictions for aggravated murder, murder, and felonious assault. For the reasons that follow, the application to reopen is denied.

**{¶2}** The appellate judgment was released on April 30, 2009, and journalized on May 11, 2009. The application for reopening was not filed until May 29, 2014. This falls well outside the time limits of App.R. 26(B)(1), which requires applications to be filed within 90 days after journalization of the appellate judgment. The only exception that would permit us to review an untimely application is if applicant establishes good cause for filing at a later time. *Id.*

**{¶3}** The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that

> [c]onsistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed.2d 265 (1982), and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278,

1996-Ohio-52, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7. *See also State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶4} Applicant has failed to establish "good cause" for the untimely filing of his application for reopening. He maintains that there is good cause for his delayed filing because he has had "no personal contact" with his appointed appellate lawyer, and he did not receive copies of the appellate filings nor notice of the decision. Additionally, applicant asserts that he was only 17 years old at the time of the trial and relied on his appellate lawyer to raise all possible issues, to his detriment.

{¶5} Applicant cites no case that has found any of the foregoing grounds as good cause for an application to reopen that is filed approximately five years after the appellate decision was journalized. However, there is ample authority that has found these reasons do not establish good cause for an untimely application to reopen.

{¶6} Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Gumm, supra*; *State v. Campbell*, 69 Ohio St.3d 38, 630 N.E.2d 339 (1994). The United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful

arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones*.

**{¶7}** It is well settled that "neither misplaced reliance on counsel nor lack of communication between counsel and appellant provides good cause for a late filing of his application for reopening." *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2012-Ohio-3565, ¶ 3, citing *State v. Alt*, 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054; *State v. Austin*, 8th Dist. Cuyahoga No. 87169, 2012-Ohio-1338; *State v. Alexander*, 8th Dist. Cuyahoga No. 81529, 2004-Ohio-3861.

**{¶8}** Citing the applicant's young age is the equivalent of arguing that his ignorance of the law or lack of legal training and knowledge should establish good cause for the delayed filing. However, it is equally well established that these grounds do not provide good cause to allow review of an application that is filed five years beyond the deadline. *See State v. Mosley*, 8th Dist. Cuyahoga No. 79463, 2005-Ohio-4137, ¶ 4 ("it is well-established that a lack of legal training does not establish 'good cause' for the untimely filing of an application for reopening").

**{¶9}** Applicant also "cannot rely on his own alleged lack of legal training to excuse his failure to comply with the deadline. 'Lack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief' under App.R. 26(B)." *LaMar*, 102 Ohio St.3d 467 at ¶ 9, quoting *Reddick*, 72 Ohio St.3d at 91.

{¶10} It is proper to deny applications for reopening solely on the basis that they are untimely filed and without good cause for the delay. *Gumm*, 103 Ohio St.3d 162, and *LaMar*. Applicant's failure to demonstrate good cause is a sufficient basis for denying his application for reopening. *See, e.g., State v. Almashni*, 8th Dist. Cuyahoga No. 92237, 2010-Ohio-898, *reopening disallowed*, 2012-Ohio-349.

{¶11} Applicant has not established good cause for filing an untimely application for reopening.

{¶12} Accordingly, the application for reopening is denied.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR