[Cite as *State v. Frierson*, 2017-Ohio-4246.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                     :     Case No. 16CA13

    Plaintiff-Appellee,          :

    v.                           :
                           JUDGMENT ENTRY
BEVERLY R. FRIERSON,               :

    Defendant-Appellant.         :     **RELEASED: 06/07/2017**

_____

Harsha, A.J.

{¶1}   On April 14, 2017, Appellant Beverly R. Frierson filed an application for reopening the appeal pursuant to App. R. 26(B). She is attempting to reopen the August 31, 2016 entry granting her motion and dismissing her appeal in *State v. Frierson*, 4th Dist. Washington No. 16CA13. Because her motion is untimely, she has not established good cause for her belated filing, and she failed to file an affidavit, we decline to reopen Frierson's appeal.

{¶2}   App.R. 26(B)(1) states:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided ***within ninety days*** from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. (Emphasis added.)

{¶3}   As mandated by App.R. 26, an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment. *State v. Cooey*, 73 Ohio St.3d 411, 1995–Ohio–328, 653 N.E.2d 252. "Consistent enforcement

of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm,* 103 Ohio St.3d 162, 2004–Ohio–4755, 814 N.E.2d 861, ¶ 7.

**{¶4}**    In August 2016, Frierson's counsel filed a notice of dismissal stating that the parties had settled the matter and Frierson was dismissing her appeal with prejudice. We treated the filing as a motion to dismiss under App.R. 28, granted it and journalized the on August 31, 2016. Frierson filed her application on April 14, 2017, making the application over four months late. However, Frierson did not acknowledge this or show good cause for her late filing. In her application Frierson alleges that her appellate counsel settled and dismissed her appeal without her consent or knowledge, yet she does not state when or how she learned of the settlement agreement and dismissal.

**{¶5}**    Because Frierson's application was not filed within the 90–day period in App.R. 26(B)(1) she must make a showing of good cause for the untimely filing, which she failed to do. Accordingly we must deny Frierson's application. Furthermore, Frierson failed to comply with App.R. 26(B)(2)(d) which states that an application for reopening must contain:

> (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *.

{¶6} Frierson's application for reopening does not include a sworn statement. "The absence of a sworn statement in the form of an affidavit is fatally defective." *State v. Barnette,* 7th Dist. Mahoning, No. 11MA196, 2015-Ohio-1280, ¶ 6, quoting *State v. Waller*, 8th Dist. Cuyahoga No. 87279, 2007–Ohio–6188, ¶ 9. Because Frierson did not establish good cause for the delay in filing the application for reopening or attach a sworn statement as required by App.R. 26, her application for reopening is denied.

Abele, J. and McFarland, J.: Concur.

For the Court

BY: _____
William H. Harsha
Administrative Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**