[Cite as *State v. Austin*, 2020-Ohio-26.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 105981 |
| v. | : | |
| JAMES AUSTIN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** January 8, 2020

___

Cuyahoga County Court of Common Pleas
Case No. CR-16-608502-A
Application for Reopening
Motion No. 533096

___

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

James Austin, *pro se.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1}   Applicant, James Austin, seeks to reopen his appeal, *State v. Austin*, 8th Dist. Cuyahoga No. 105981, 2019-Ohio-1983.  In his application for reopening, he asserts five proposed assignments of error:

I. Appellant was denied effective assistance of appellate counsel due to counsel's failure to argue that appellant was denied due process when his plea was not knowing, voluntarily, and intelligently made related to the inadequate explanation of post-release [sic] control.

II. The trial court erred to the prejudice of appellant when it failed to adequately inform appellant of the constitutional rights waived as a result of a guilty plea.

III. Appellant was denied effective assistance of appellate counsel due to counsel's failure to argue that appellant was denied due process when his plea was not knowing, voluntarily, and intelligently made related to the inadequate explanation of post-release [sic] control and the nature and number of the charges prior to the acceptance of the plea; specifically count nine.

IV. Appellant did not receive the effective assistance of counsel when counsel failed to appeal the issue of the plea having never been properly accepted, prior to sentencing, by the trial court.

V. Appellant did not receive the effective assistance of counsel when counsel failed to appeal the issue of the plea having never been properly accepted, prior to sentencing, by the trial court.

Austin's application is untimely without a showing of good cause. Therefore, it is denied.

## I.  Procedural and Factual History

{¶ 2}   On August 16, 2016, Austin was indicted and charged with numerous crimes, including aggravated burglary, kidnapping, aggravated robbery, robbery, intimidation of a crime victim or witness, carrying concealed weapons, improperly handling firearms in a motor vehicle, receiving stolen property, and having weapons while under disability.  In the midst of a jury trial, as part a negotiated plea deal, Austin retracted his former not guilty pleas and pled guilty to two counts of aggravated burglary, one count of kidnapping, two counts of intimidation of a crime

victim or witness, one count of having weapons while under disability, and one count of carrying concealed weapons. The remaining counts were dismissed, and the court proceeded immediately to sentencing. An aggregate eight-year sentence was imposed by the court on June 19, 2017.

{¶ 3} Austin timely appealed. Austin's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1976), and requested to withdraw from the case. This court, in its independent review of the record, found nonfrivolous issues that could be asserted on appeal, and appointed new counsel to file a brief on Austin's behalf. New counsel filed a brief asserting a single assignment of error:

> The plea bargain must be vacated or specifically enforced because the appellant was promised an eight-year sentence, which the court agreed to enter, and the court instead of honoring that agreement imposed eight years plus five years postrelease control. Appellant's guilty pleas were thus not knowingly, voluntarily, and intelligently entered and Crim.R. 11 was violated as well as the Fifth, Sixth, and Fourteenth Amendments of the federal Constitution.

*Austin*, 8th Dist. Cuyahoga No. 105981, 2019-Ohio-1983, at ¶ 1. On May 23, 2019, this court rejected this assignment of error and affirmed Austin's convictions and sentence. *Id.* at ¶ 25-26.

{¶ 4} On October 24, 2019, Austin filed the instant application for reopening, along with a motion for leave to file his application for reopening. In the motion for leave he attempted to set forth good cause for the untimely filing of his application, something that must be done within the application itself. App.R. 26(B)(2)(b). In the application itself, Austin put forth a condensed argument about

why his application could not be timely filed, and raised the aforementioned five proposed assignments of error; many of which are variations on the assignment of error raised in the direct appeal. The state filed a timely brief in opposition pointing out that Austin's application was untimely without a sufficient showing of good cause. Austin filed a reply to the state's brief in opposition, which was stricken by this court. App.R. 26(B) does not provide for the filing of a reply brief, but instead requires the applicant to make arguments in a single application that does not exceed ten pages. App.R. 26(B)(4).

## II.    Law and Analysis

### A.  Timeliness of the Application

{¶ 5}    App.R. 26(B) provides a limited means of asserting a claim of ineffective assistance of appellate counsel in a criminal appeal. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. The rule provides that an application must be filed within 90 days of the date of journalization of the appellate decision. App.R. 26(B)(1). This deadline is strictly applied. *Gumm* at ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Where an application is filed outside of that deadline, the applicant must show good cause to excuse the delay in filing. App.R. 26(B)(1).

{¶ 6}    The application itself, limited to ten pages by App.R. 26(B)(4), must set forth good cause for untimely filing. *State v. Glaze*, 8th Dist. Cuyahoga No. 105519, 2018-Ohio-4772, ¶ 8. Contrary to this rule, Austin attempted to establish good cause in a separate motion for leave to file the untimely application. Austin's

application exceeds the ten-page limitation in that his signature block extends to the eleventh page. As Austin's application already technically exceeds the ten-page limit, this court will not consider the arguments raised in the motion for leave to file the application for reopening. *See State v. Woods*, 8th Dist. Cuyahoga No. 82789, 2014-Ohio-296. Austin does set forth a cursory argument in the application for the delayed filing supported by his affidavit. Therefore, this court will analyze the reasons for the delayed filing in the application to determine whether Austin has established good cause.

{¶ 7} Austin asserts that on August 6, 2019, he was removed from prison and transported to county jail with no reason given to him. According to his affidavit, Austin was transported back to prison on September 7, 2019. Including the days of transportation, Austin spent 33 days outside of prison in county jail. He claims that he was unable to complete his application while in county jail for lack of resources.

{¶ 8} Normally, lack of access to legal materials or records does not constitute good cause. *Glaze* at ¶ 10; *Woods* at ¶ 5. Therefore, Austin's transfer to county jail does not constitute good cause. However, even assuming this could constitutes good cause, "'good cause can excuse the lack of a filing only while it exists, not for an indefinite period.'" *Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 9, quoting *State v. Fox*, 83 Ohio St.3d 514, 516, 700 N.E.2d 1253 (1998).

{¶ 9} 154 days elapsed between the issuance of the appellate decision and the filing of the application. Subtracting the 33 days Austin spent in county jail and days in transit from the total elapsed time, Austin's application was still not filed within 90 days. Austin does not explain why his application could not have been timely filed when this 33 days is excluded from the calculus. Austin's assertions of good cause relate only to his brief transfer from prison to county jail and back again. Austin has failed to show good cause for the untimely filing of his application. As such, it is denied.

{¶ 10} Application denied.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR