[Cite as *State v. Howell*, 2020-Ohio-377.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                         No. 107545

v.                                      :

SLATTER HOWELL, III,                    :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 3, 2020

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-16-603024-A and CR-16-606767-A
Application for Reopening
Motion No. 534174

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Slatter Howell, III, *pro se.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} Applicant, Slatter Howell, III, seeks to reopen his appeal, *State v. Howell*, 8th Dist. Cuyahoga No. 107545, 2019-Ohio-3182. In his application, he

claims that appellate counsel was ineffective for not arguing the following proposed

assignments of error:

> I. Howell's convictions are against the manifest weight and sufficiency of evidence, in violation of his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

> II. Howell was denied a fair trial and his due process protections when the trial court improperly interjected its opinion during jury instructions, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 5 and 10 of the Ohio Constitution.

> III. Howell was denied a fair trial and his due process protections when the trial court denied the defense's request for a *Daubert* hearing, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 5 and 10 of the Ohio Constitution.

{¶ 2} Howell's application is untimely without a showing of good cause, and is, therefore, denied.

{¶ 3} A detailed recitation of the facts can be found in *Howell*, but a brief summary of the apposite facts follows. Howell was convicted of numerous crimes related to three separate incidents. The first involved an attack on Joe Houston. The second incident involved the robbery of a gas station in which the clerk, Babul Saha, was shot and killed. The third involved the robbery and killing of Theodore Wright. Howell received a sentence of life without the possibility of parole plus 19 years. *Howell* at ¶ 3-19.

{¶ 4} On appeal, Howell, through counsel, raised three assignments of error:

> I. Mr. Howell was denied his constitutional right to the effective assistance of counsel when, after being accused of witness tampering

and attempting to suborn perjury, his attorneys simply declared their innocence rather than asking the trial court to make findings and demanding a mistrial.

II. The trial court's comments bolstering the credibility of the government's DNA "expert" prejudiced Mr. Howell's defense.

III. The trial court committed error when it imposed consecutive sentences because its finding that consecutive sentences were necessary to protect the public is altogether unsupportable and irrational.

*Id.* at ¶ 1.

{¶ 5} In an opinion issued on August 8, 2019, this court rejected these arguments and affirmed Howell's convictions and sentences. *Id.* at ¶ 33. Howell then filed an application to reopen his appeal based on claims of ineffective assistance of appellate counsel on December 5, 2019. Howell attached a separate document to his application where he asserted that he was unable to timely file the application because he was hospitalized for eight days and a series of fights prevented him from completing the application on time. The state timely opposed the application on grounds of untimeliness.

**Standards for a Timely Application to Reopen**

{¶ 6} App.R. 26(B) provides a limited means of asserting a claim that appellate counsel's performance was so deficient that an appellant should have a second opportunity to assert issues on appeal. The application must be filed within 90 days of the date of journalization of the appellate decision. App.R. 26(B)(1). The Supreme Court of Ohio has specified that this deadline is to be strictly enforced. *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v.*

*Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861.  If the application is filed after that date, it must contain a showing of good cause for the untimely filing. App.R. 26(B)(1) and (B)(2)(b).

{¶ 7} Here, Howell's December 5, 2019 application was filed 119 days after the appellate decision was journalized on August 8, 2019.  The application does not contain any argument as to why filing after the 90-day deadline should be excused. The failure to assert good cause is sufficient grounds for denial.  *State v. Woods*, 8th Dist. Cuyahoga No. 82789, 2014-Ohio-296, ¶ 4, citing *State v. McNeal*, 8th Dist. Cuyahoga No. 91507, 2009-Ohio-6453, ¶ 4.

{¶ 8} Further, the application, including arguments supporting good cause for any delay in filing, is limited to ten pages.  App.R. 26(B)(2)(b) and (B)(4). Howell's attempt to argue good cause outside of his application is an improper attempt to circumvent the page limitation set forth in App.R. 26(B)(4).  *State v. Glaze*, 8th Dist. Cuyahoga No. 105519, 2018-Ohio-4772, ¶ 8.  Where good cause for an untimely filing of an application is not contained within the application itself, it must be denied. *Glaze* at ¶ 11, citing *State v. Jarrells*, 8th Dist. Cuyahoga No. 99329, 2014-Ohio-4564, ¶ 8, citing *Gum*m, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970.  The application is denied because Howell has failed to set forth any excuse for the untimely filing in the application.

{¶ 9} The justifications asserted in the document attached to Howell's application for reopening are not sufficient to establish that the delay in filing should

be excused even if this court were to consider them. Howell asserts that his application is tardy because he was involved in a fight in prison and was hospitalized for eight days. Assuming without deciding that this constitutes good cause, subtracting this eight days from the total period of time within which the application was filed, still leads to the conclusion that it was untimely by 21 days.

{¶ 10} Howell further asserts that a series of fights prevented him from timely filing his application. He alleges that as a result of these incidents, he was housed in administrative segregation. An alleged limited access to legal materials, library facilities, or other legal resources does not constitute good cause. *State v. Hedenberg*, 8th Dist. Cuyahoga No. 102112, 2016-Ohio-3318, ¶ 4, citing *State v. Houston*, 73 Ohio St.3d 346, 652 N.E.2d 1018 (1995); *State v. Lawson*, 8th Dist. Cuyahoga No. 84402, 2006-Ohio-3839. Howell has failed to establish good cause for the delayed filing even when his extrinsic assertions are considered.

{¶ 11} Application denied.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, A.J., and
MARY EILEEN KILBANE, P.J., CONCUR