[Cite as *State v. Congress*, 2018-Ohio-4521.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102867**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DRAYSHON CONGRESS**

DEFENDANT-APPELLANT

━━━━━━━━━━━━━━━━━━━

**JUDGMENT:**
APPLICATION DENIED

━━━━━━━━━━━━━━━━━━━

Cuyahoga County Court of Common Pleas
Case No. CR-13-579147-A
Application for Reopening
Motion No. 519888

**RELEASE DATE:**   November 5, 2018

**FOR APPELLANT**

Drayshon Congress
Inmate No. 652486
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio   44905


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Anthony T. Miranda
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113



TIM McCORMACK, J.:

{¶1} Drayshon Congress has filed an application for reopening pursuant to App.R. 26(B). Congress is attempting to reopen the appellate judgment rendered in *State v. Congress*, 8th Dist. Cuyahoga No. 102867, 2015-Ohio-5264, that affirmed the trial court's denial of a postconviction motion to vacate the plea of guilty entered in *State v. Congress*, Cuyahoga C.P. No. CR-13-579147-A.   We decline to reopen Congress's appeal.

{¶2} App.R. 26(B)(2)(b) requires that Congress establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening.   The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that:

[w]e now reject [the applicant's] claims that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.

Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants*," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.)   *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7.

See also *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

**{¶3}**   Herein, Congress is attempting to reopen the appellate judgment that was journalized on December 17, 2015.   The application for reopening was not filed until August 2, 2018, more than 90 days after journalization of the appellate judgment in *Congress*, *supra*. Congress claims that: 1) he did not timely receive notice from appellate counsel with regard to the ability to file an App.R. 26(B) application for reopening; 2) detrimental reliance upon the legal advice provided by appellate counsel; and 3) ignorance of the law.   Congress has failed to demonstrate any viable showing of good cause for the untimely filing of his application for reopening.

**{¶4}** The arguments raised by Congress in support of his good cause argument do not establish a valid basis for the untimely filing of his App.R. 26(B) application for reopening.   In

*State v. Lamar*, 8th Dist. Cuyahoga No. 49551, 1985 Ohio App. LEXIS 7284 (Oct. 3, 1985), *reopening disallowed* (Nov. 15, 1995), Motion No. 63398, this court held that lack of communication with appellate counsel did not demonstrate good cause. Similarly, in *State v. White*, 8th Dist. Cuyahoga No. 57944, 1991 Ohio App. LEXIS 357 (Jan. 31, 1991), *reopening disallowed* (Oct. 19, 1994), Motion No. 49174, and *State v. Allen*, 8th Dist. Cuyahoga No. 65806, 1994 Ohio App. LEXIS 4956 (Nov. 3, 1994), *reopening disallowed* (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. Specifically, in *State v. Fortson*, 8th Dist. Cuyahoga No. 72229, 1998 Ohio App. LEXIS 6104 (Dec. 17, 1998), *reopening disallowed* (Jan. 23, 2001), Motion No. 18195, 2001 Ohio App. LEXIS 245, this court held that an attorney's delay in notification of an appellate decision does not state good cause. *See also State v. Moss*, 8th Dist. Cuyahoga Nos. 62318 and 62322, 1993 Ohio App. LEXIS 2491 (May 13, 1993), *reopening disallowed*, 1997), Motion No. 75838; *State v. McClain*, 8th Dist. Cuyahoga No. 67785, 1995 Ohio App. LEXIS 3207 (Aug. 3, 1995), *reopening disallowed* (Apr. 15, 1997), Motion No. 76811; and *State v. Russell*, 8th Dist. Cuyahoga No. 69311, 1996 Ohio App. LEXIS 1879 (May 9, 1996), *reopening disallowed* (June 16, 1997), Motion No. 82351, 1997 Ohio App. LEXIS 2663.

{¶5} In addition, this court has consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. *State v. Klein*, 8th Dist. Cuyahoga App. No. 58389, 1991 Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 49260, *affirmed*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 70493; *State v. Cummings*, 8th Dist.

Cuyahoga App. No. 69966, 1996 Ohio App. LEXIS 4565 (Oct. 17, 1996), *reopening disallowed* (Mar. 26, 1998), Motion No. 92134; and *State v. Young*, 8th Dist. Cuyahoga Nos. 66768 and 66769, 1994 Ohio App. LEXIS 4634 (Oct. 13, 1994), *reopening disallowed* (Dec. 5, 1995), Motion No. 66164.

{¶6} Finally, an application to reopen pursuant to App.R. 26(B) cannot be employed by Congress to reopen his appeal. App.R.26 (B)(1) states that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." This application is not an effort to reopen the appeal of a conviction and sentence. It is an effort to reopen the appeal of a denial of a motion to withdraw the guilty plea and, thus, is beyond the scope of App.R. 26(B).

{¶7} In *State v. Halliwell*, 8th Dist. Cuyahoga No. 70369, 1996 Ohio App. LEXIS 5750 (Dec. 19, 1996), *reopening disallowed* (Jan. 28, 1999), Motion No. 70369, this court held that App.R. 26(B) does not apply to appeals from an adverse ruling on a motion to vacate a guilty plea. *See also State v. White*, 8th Dist. Cuyahoga No. 78190, 2001 Ohio App. LEXIS 5320 (Nov. 29, 2001), *reopening disallowed* (May 13, 2004), Motion No. 357536; *State v. Shurney*, 8th Dist. Cuyahoga No. 64670, 1994 Ohio App. LEXIS 896 (Mar. 10, 1994), *reopening disallowed* (May 15, 1995), Motion No. 60758. App.R. 26(B) applies only to the direct appeal of a criminal conviction; it does not apply to subsequent postconviction proceedings, including motions to vacate sentence and hearings to determine the propriety of guilty pleas. *State v. Loomer*, 76 Ohio St.3d 398, 667 N.E.2d 1209 (1996); *State v. Bolton*, 8th Dist. Cuyahoga No. 103628, 2017-Ohio-7062; *State v. Gaston*, 8th Dist. Cuyahoga No. 92242, 2009-Ohio-3080.

{¶8} Accordingly, the App.R. 26(B) application for reopening is denied.

_____
TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR