[Cite as *State v. Carano*, 2022-Ohio-2872.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111248 |
| v. | : | |
| SHANNON CARANO, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 18, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-658104-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee.*

Michael P. Maloney, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Defendant-appellant Shannon Carano ("Carano") brings this appeal challenging her sentence that was imposed pursuant to the Reagan Tokes Law, enacted by S.B. 201. After a thorough review of the record and law, this court affirms.

## I. Facts and Procedural History

{¶ 2} Carano was indicted by a Cuyahoga County Grand Jury for five counts of pandering sexually oriented matter involving a minor, a second-degree felony in violation of R.C. 2907.322(A)(2); six counts of pandering sexually oriented matter involving a minor, a fourth-degree felony in violation of R.C. 2907.322(A)(5); five counts of illegal use of minor in nudity-oriented material or performance, a fifth-degree felony in violation of R.C. 2907.323(A)(3); and one count of possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A).

{¶ 3} The Ohio Internet Crimes Against Children Task Force ("ICAC") investigator alleged that Carano, via a social media messaging application, shared photographs and videos of prepubescent children engaging in sexual activity. The children were not her own. The ICAC found 52 files of suspected child-exploitation material on Carano's mobile phone. Carano indicated that her activity was borne out of curiosity and motivated by the attention she received from other users of the messaging application.

{¶ 4} Carano entered into a plea agreement with the state, pleading guilty to all counts except for the four counts of illegal use of minor in nudity-oriented material or performance and the single count of possessing criminal tools, which were nolled.

{¶ 5} The trial court sentenced Carano pursuant to the Reagan Tokes Law. The court imposed a minimum sentence of seven years with a maximum of ten and

one-half years. Additionally, Carano was required to register as a sex offender and submit to DNA specimen collection testing.

{¶ 6} Carano timely appealed her sentence, assigning a single assignment of error for our review:

> The indefinite sentence imposed upon appellant under the Ohio Reagan Tokes Act was unconstitutional.

## II. Law and Argument

{¶ 7} Carano argues that the Reagan Tokes Law's sentencing structure is unconstitutional under the separation-of-powers doctrine.

{¶ 8} We first note that Carano did not object to sentencing under the Reagan Tokes Law, and thus waives all but plain error.

{¶ 9} Nevertheless, this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), overruled the same separation-of-powers challenge to the Reagan Tokes Law that Carano raises in her appeal. *Id.* at ¶ 38. Because this court held that sentencing under the Reagan Tokes Law is constitutional, the trial court did not err in sentencing Carano accordingly. We therefore find that Carano's sentence was not a violation of her constitutional rights and overrule her sole assignment of error.

## III. Conclusion

{¶ 10} This court's en banc decision in *Delvallie* held that the Reagan Tokes Law is constitutional under the separation-of-powers doctrine. Accordingly, Carano's sole assignment of error is overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.