[Cite as *State v. Burks*, 2022-Ohio-4397.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 106639

    v.                           :

DARYL BURKS,                            :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** December 5, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-16-611300-A
Application for Reopening
Motion No. 557783

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellee.*

Daryl Burks, *pro se.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Daryl Burks has filed an application for reopening pursuant to App.R. 26(B). Burks is attempting to reopen the appellate judgment rendered in *State v. Burks*, 8th Dist. Cuyahoga No. 106639, 2018-Ohio-4777, which affirmed his

conviction and sentence for the offenses of extortion, intimidation of a crime victim, and pandering obscenity. We decline to reopen Burks's appeal.

{¶ 2} App.R. 26(B)(2)(b) requires that Burks establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants,"* State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7-8. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶ 3} Herein, Burks is attempting to reopen the appellate judgment that was journalized on November 29, 2018. The application for reopening was not filed until

August 31, 2022, more than 90 days after journalization of the appellate judgment in *Burks*, *supra*.[1] Burks has not presented any reasons to establish good cause for the untimely filing of his application for reopening. *State v. Black*, 8th Dist. Cuyahoga No. 108001, 2020-Ohio-3278; *State v. Campbell*, 8th Dist. Cuyahoga No. 105488, 2018-Ohio-3494; *State v. Harris*, 8th Dist. Cuyahoga No. 104329, 2018-Ohio-839.

**{¶ 4}** It must be noted that Burks, on October 28, 2022, attempted to remedy the failure to establish good cause through a motion to amend the application for reopening. The motion to amend was denied on October 28, 2022, because there exists no provision for amending an original application for reopening. *State v. Snyder*, 5th Dist. Licking No. 2008-CA-25, 2009-Ohio-2473. In addition, amendment of an application for reopening may be considered a successive application for reopening and there exists no right to file successive applications for reopening. *State v. Richardson*, 74 Ohio St.3d 235, 658 N.E.2d 273 (1996); *State v. Cheren*, 73 Ohio St.3d 137, 652 N.E.2d 707 (1995).

**{¶ 5}** Nevertheless, consideration of the arguments raised in support of good cause, through the motion to amend, does not establish a valid basis for the untimely filing of his App.R. 26(B) application for reopening. In *State v. Lamar*, 8th Dist. Cuyahoga No. 49551, 1985 Ohio App. LEXIS 7284 (Oct. 3, 1985), *reopening disallowed* (Nov. 15, 1995), Motion No. 63398, this court held that lack

---

[1] Burks filed a second App.R. 26(B) application for reopening that was identical to the original application for reopening filed on August 31, 2022. The second application for reopening is dismissed because it is a duplicate.

of communication with appellate counsel did not establish good cause. *See also, State v. Jarrells*, 8th Dist. Cuyahoga No. 99329, 2014-Ohio-4564. Similarly, in *State v. White*, 8th Dist. Cuyahoga No. 57944, 1991 Ohio App. LEXIS 357 (Jan. 31, 1991), *reopening disallowed* (Oct. 19, 1994), Motion No. 49174, and *State v. Allen*, 8th Dist. Cuyahoga No. 65806, 1994 Ohio App. LEXIS 4956 (Nov. 3, 1994), *reopening disallowed* (July 8, 1996), Motion No. 67054, wherein this court rejected reliance on counsel as showing good cause. In *State v. Fortson*, 8th Dist. Cuyahoga No. 72229, 1998 Ohio App. LEXIS 6104 (Dec. 17, 1998), *reopening disallowed* (Jan. 23, 2001), Motion No. 18195, 2001 Ohio App. LEXIS 245, this court held that an attorney's delay in notification of an appellate decision does not establish good cause. *See also State v. Congress*, 8th Dist. Cuyahoga No. 102867, 2018-Ohio-4521; *State v. Moss*, 8th Dist. Cuyahoga Nos. 62318 and 62322, 1993 Ohio App. LEXIS 2491 (May 13, 1993), *reopening disallowed* (Jan. 16, 1997), Motion No. 75838; *State v. McClain*, 8th Dist. Cuyahoga No. 67785, 1995 Ohio App. LEXIS 3207 (Aug. 3, 1995), *reopening disallowed* (Apr. 15, 1997), Motion No. 76811; and *State v. Russell*, 8th Dist. Cuyahoga No. 69311, 1996 Ohio App. LEXIS 1879 (May 9, 1996), *reopening disallowed* (June 16, 1997), Motion No. 82351, 1997 Ohio App. LEXIS 2663.

{¶ 6} Lack of knowledge or ignorance of the law does not provide sufficient cause for the untimely filing of an application for reopening. *State v. Klein*, 8th Dist. Cuyahoga No. 58389, 1991 Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 49260, *affirmed*, 69 Ohio St.3d 1481, 634

N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 70493; *State v. Cummings*, 8th Dist. Cuyahoga No. 69966, 1996 Ohio App. LEXIS 4565 (Oct. 17, 1996), *reopening disallowed* (Mar. 26, 1998), Motion No. 92134; and *State v. Young*, 8th Dist. Cuyahoga Nos. 66768 and 66769, 1994 Ohio App. LEXIS 4634 (Oct. 13, 1994), *reopening disallowed* (Dec. 5, 1995), Motion No. 66164.

{¶ 7} This court has also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Further, prison riots, lockdowns, and other library limitations have been rejected as constituting good cause. *State v. Kaszas*, 8th Dist. Cuyahoga Nos. 72547 and 72547, 1998 Ohio App. LEXIS 4227 (Sept. 21, 1988), *reopening disallowed* (Aug. 14, 2000), Motion No. 16752, 2000 Ohio App. LEXIS 3755; *State v. Hickman*, 8th Dist. Cuyahoga No. 72341, 1998 Ohio App. LEXIS 1893 (Apr. 30, 1998), *reopening disallowed* (Dec. 13, 2000), Motion No. 20830; *State v. Turner*, 8th Dist. Cuyahoga No. 55960 (Nov. 16, 1989), *reopening disallowed* (Aug. 20, 2001), Motion No. 23221; and *State v. Stearns*, 8th Dist. Cuyahoga No. 76513, 2000 Ohio App. LEXIS 3161 (July 24, 2000), *reopening disallowed* (Feb. 14, 2002), Motion No. 27761, 2002 Ohio App. LEXIS 770.

{¶ 8} Finally, the Supreme Court of Ohio has established that good cause cannot excuse the lack of timely filing for an indefinite period of time:

Good cause can excuse the lack of a filing only while it exists, not for an indefinite period. *See State v. Hill* (1997), 78 Ohio St.3d 174, 1997-Ohio-293, 677 N.E.2d 337; *State v. Carter* (1994), 70 Ohio St.3d 642, 1994-Ohio-55, 640 N.E.2d 811. We specifically reject [applicant's] claim that once an applicant has established good cause for filing more than ninety days after journalization * * *, it does not matter when the application is filed.

*State v. Davis*, 86 Ohio St.3d 212, 214, 714 N.E.2d 384 (1999).

{¶ 9} More than three years and eight months have passed since we rendered our appellate opinion that affirmed Burks's conviction and sentence. Thus, we find that even if good cause was established, the time for filing an application for reopening has long passed. *State v. Williams*, 8th Dist. Cuyahoga No. 106266, 2019-Ohio-4780; *State v. Churn*, 8th Dist. Cuyahoga No. 105782, 2019-Ohio-4052; *State v. Marshall*, 8th Dist. Cuyahoga No. 87334, 2019-Ohio-1114; *State v. McCornell*, 8th Dist. Cuyahoga No. 93274, 2015-Ohio-3764.

{¶ 10} Accordingly, we find that Burks has failed to establish good cause for the untimely filing of his application for reopening.

{¶ 11} Application denied.

---

FRANK DANIEL CELEBREZZE, III, JUDGE

MARY EILEEN KILBANE, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR