[Cite as *State v. Carano*, 2023-Ohio-1363.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                           No. 111248

    v. :

SHANNON CARANO, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** April 24, 2023

---

Cuyahoga County Court of Common Pleas
Case No. CR-21-658104-A
Application for Reopening
Motion No. 561640

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Shannon Carano, *pro se.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Shannon Carano has filed an application for reopening pursuant to App.R. 26(B). Carano is attempting to reopen the appellate judgment rendered in *State v. Carano*, 8th Dist. Cuyahoga No. 111248, 2022-Ohio-2872, that affirmed her

plea of guilty to the offenses of five counts of pandering sexually oriented matter involving a minor (R.C. 2907.322(A)(2)), six counts of pandering sexually oriented matter involving a minor (R.C. 2907.322(A)(5)), and one count of illegal use of minor in nudity-oriented material or performance (R.C. 2907.323(A)(3)), and the sentences imposed in *State v. Carano*, Cuyahoga C.P. No. CR-21-658104-A. We decline to reopen Carano's appeal.

## I. Untimely Filed Application for Reopening – Good Cause Required

{¶ 2} App.R. 26(B)(2)(b) requires that Carano establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants,"* *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶ 3} Herein, Carano is attempting to reopen the appellate judgment journalized on August 18, 2022. The application for reopening was not filed until January 30, 2023, more than 90 days after journalization of the appellate judgment in *Carano*, *supra*. Carano claims that 1) she did not timely receive notice from appellate counsel with regard to the ability to file an App.R. 26(B) application for reopening; and 2) detrimental reliance upon the legal advice provided by appellate counsel. Carano has failed to demonstrate any viable showing of good cause for the untimely filing of her application for reopening.

{¶ 4} The arguments raised by Carano, in support of her good-cause argument, do not establish a valid basis for the untimely filing of her App.R. 26(B) application for reopening. In *State v. Lamar*, 8th Dist. Cuyahoga No. 49551, 1985 Ohio App. LEXIS 7284 (Oct. 3, 1985), *reopening disallowed* (Nov. 15, 1995), Motion No. 63398, this court held that lack of communication with appellate counsel did not show good cause. *See also State v. Jarrells*, 8th Dist. Cuyahoga No. 99329, 2014-Ohio-4564. Similarly, in *State v. White*, 8th Dist. Cuyahoga No. 57944, 1991 Ohio App. LEXIS 357 (Jan. 31, 1991), *reopening disallowed* (Oct. 19, 1994), Motion No. 49174, and *State v. Allen*, 8th Dist. Cuyahoga No. 65806, 1994 Ohio App. LEXIS 4956 (Nov. 3, 1994), *reopening disallowed* (July 8, 1996), Motion No. 67054, this

court rejected reliance on counsel as showing good cause. Specifically, in *State v. Fortson*, 8th Dist. Cuyahoga No. 72229, 1998 Ohio App. LEXIS 6104 (Dec. 17, 1998), *reopening disallowed* (Jan. 23, 2001), Motion No. 18195, 2001 Ohio App. LEXIS 245, this court ruled that an attorney's delay in notification of an appellate decision does not establish good cause. *See also State v. Congress*, 8th Dist. Cuyahoga No. 102867, 2018-Ohio-4521; *State v. Moss*, 8th Dist. Cuyahoga Nos. 62318 and 62322, 1993 Ohio App. LEXIS 2491 (May 13, 1993), *reopening disallowed* (Jan. 16, 1997), Motion No. 75838; *State v. McClain*, 8th Dist. Cuyahoga No. 67785, 1995 Ohio App. LEXIS 3207 (Aug. 3, 1995), *reopening disallowed* (Apr. 15, 1997), Motion No. 76811; and *State v. Russell*, 8th Dist. Cuyahoga No. 69311, 1996 Ohio App. LEXIS 1879 (May 9, 1996), *reopening disallowed* (June 16, 1997), Motion No. 82351, 1997 Ohio App. LEXIS 2663.

{¶ 5} In addition, this court has consistently held that lack of knowledge or ignorance of the law does not provide sufficient cause for the untimely filing of an application for reopening. *State v. Klein*, 8th Dist. Cuyahoga No. 58389, 1991 Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 49260, *affirmed*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 70493; *State v. Cummings*, 8th Dist. Cuyahoga No. 69966, 1996 Ohio App. LEXIS 4565 (Oct. 17, 1996), *reopening disallowed* (Mar. 26, 1998), Motion No. 92134; and *State v. Young*, 8th Dist.

Cuyahoga Nos. 66768 and 66769, 1994 Ohio App. LEXIS 4634 (Oct. 13, 1994), *reopening disallowed* (Dec. 5, 1995), Motion No. 66164.

## II. Effect of Plea of Guilty on App.R. 26(B) Application

{¶ 6} In *State v. Carano,* Cuyahoga C.P. No. CR-21-658104-A, Carano entered pleas of guilty to the offenses of pandering sexually oriented matter involving a minor and illegal use of minor in nudity-oriented material or performance. A plea of guilty waives a defendant's right to challenge his or her conviction on all potential issues except for jurisdictional issues and the claim that ineffective assistance of counsel caused the guilty plea to be less than knowing, intelligent, and voluntary. *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986); *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818; *State v. Szidik*, 8th Dist. Cuyahoga No. 95644, 2011-Ohio-4093; *State v. Salter*, 8th Dist. Cuyahoga No. 82488, 2003-Ohio-5652; and *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-2766, *reopening disallowed*, 2012-Ohio-5504.

{¶ 7} Our independent review of the plea transcript clearly demonstrates that the trial court meticulously complied with the mandates of Crim.R. 11 and that Carano entered a knowing, intelligent, and voluntary plea of guilty to the charged offenses. Because Carano's plea was knowingly, intelligently, and voluntarily made, and the claimed errors raised by Carano are not based upon any jurisdictional defects, the raised proposed assignments of error are waived. By entering a plea of guilty, Carano waived all appealable errors that might have occurred at trial unless the errors prevented Carano from entering a knowing, intelligent, and voluntary

guilty plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991); *State v. Barnett*, 73 Ohio App.3d 244, 596 N.E.2d 1101 (2d Dist.1991).

{¶ 8} Accordingly, we find that Carano has failed to establish good cause for the untimely filing of her application for reopening. In addition, Carano waived her proposed assignments of error based upon the fact that her pleas of guilty to the charged offenses were knowing, intelligent, and voluntary.

{¶ 9} Application denied.


_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR