[Cite as *State v. Goodykoontz*, 2024-Ohio-2063.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,           :

     Plaintiff-Appellee,     :

                        No. 112016

     v.                        :

DAVID GOODYKOONTZ,    :

     Defendant-Appellant.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** May 28, 2024

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-19-641800-A and CR-20-647818-A
Application for Reopening
Motion No. 572997

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Cuyahoga Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee*.

David Goodykoontz, *pro se*.

EMANUELLA D. GROVES, J.:

{¶ 1} David Goodykoontz has filed an application for reopening pursuant to App.R. 26(B). Goodykoontz is attempting to reopen the appellate judgment rendered in *State v. Goodykoontz*, 8th Dist. Cuyahoga No. 112016, 2023-Ohio-3243

that affirmed his convictions and sentences imposed in Case No. CR-19-641800-A, gross sexual imposition, and Cuyahoga C.P. No. CR-20-647818-A, multiple counts of pandering sexually oriented matter involving a minor, illegal use of a minor in nudity-oriented material or performance, and possession of criminal tools. We decline to reopen Goodykoontz's appeal.

{¶ 2} App.R. 26(B)(2)(b) requires that Goodykoontz establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants," State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976,

812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶ 3} Herein, Goodykoontz is attempting to reopen the appellate judgment that was journalized on September 14, 2023. The application for reopening was not filed until March 18, 2024, more than 90 days after journalization of the appellate judgment in *Goodykoontz, supra*. Goodykoontz, in an effort to establish good cause for the untimely filing of his application for reopening, argues that he was unable to access the prison law library to complete his application for reopening and timely file it within 90-days of journalization of the appellate judgment subject to reopening.

{¶ 4} Goodykoontz has not established a valid basis for the untimely filing of his App.R. 26(B) application for reopening. This court has repeatedly rejected the claim that limited access to legal materials or the prison law library states good cause for untimely filing. *State v. Martin*, 7th Dist. Columbiana No. 18-CO-0033, 2021-Ohio-4290; *State v. Howard*, 8th Dist. Cuyahoga Nos. 107467, 107468, and 107469, 2020-Ohio-4739; *State v. Onunwor*, 8th Dist. Cuyahoga No. 93937, 2010-Ohio-Ohio-5587. Further, prison riots, lockdowns, and other library limitations have been rejected as constituting good cause. *State v. Kaszas*, 8th Dist. Cuyahoga Nos. 72546 and 72547, 1998 Ohio App. LEXIS 4227 (Sept. 21, 1988), *reopening disallowed* (Aug. 14, 2000), Motion No. 16752, 2000 Ohio App. LEXIS 3755; *State v. Hickman*, 8th Dist. Cuyahoga No. 72341, 1998 Ohio App. LEXIS 1893 (Apr. 30, 1998), *reopening disallowed* (Dec. 13, 2000), Motion No. 20830; *State v. Turner*,

8th Dist. Cuyahoga No. 55960 (Nov. 16, 1989), *reopening disallowed* (Aug. 20, 2001), Motion No. 23221; and *State v. Stearns*, 8th Dist. Cuyahoga No. 76513, 2000 Ohio App. LEXIS 3161 (July 24, 2000), *reopening disallowed* (Feb. 14, 2002), Motion No. 27761, 2002 Ohio App. LEXIS 770.

{¶ 5} Also, in *State v. Lamar*, 8th Dist. Cuyahoga Nos. 49550 and 49551, 1985 Ohio App. LEXIS 7284 (Oct. 3, 1985), *reopening disallowed* (Nov. 15, 1995), Motion No. 63398, this court held that lack of communication with appellate counsel did not show good cause. *See also State v. Jarrells*, 8th Dist. Cuyahoga No. 99329, 2014-Ohio-4564. Similarly, in *State v. White*, 8th Dist. Cuyahoga No. 57944, 1991 Ohio App. LEXIS 357 (Jan. 31, 1991), *reopening disallowed* (Oct. 19, 1994), Motion No. 49174 and *State v. Allen*, 8th Dist. Cuyahoga No. 65806, 1994 Ohio App. LEXIS 4956 (Nov. 3, 1994), *reopening disallowed* (July 8, 1996), Motion No. 67054, wherein this court rejected reliance on counsel as showing good cause. In *State v. Fortson*, 8th Dist. Cuyahoga No. 72229, 1998 Ohio App. LEXIS 6104 (Dec. 17, 1998), *reopening disallowed* (Jan. 23, 2001), Motion No. 18195, 2001 Ohio App. LEXIS 245, this court ruled that an attorney's delay in notification of an appellate decision does not establish good cause. *See also State v. Congress*, 8th Dist. Cuyahoga No. 102867, 2018-Ohio-4521; *State v. Moss*, 8th Dist. Cuyahoga Nos. 62318 and 62322, 1993 Ohio App. LEXIS 2491 (May 13, 1993), *reopening disallowed* (Jan. 16, 1997), Motion No. 75838; *State v. McClain*, 8th Dist. Cuyahoga No. 67785, 1995 Ohio App. LEXIS 3207 (Aug. 3, 1995), *reopening disallowed* (Apr. 15, 1997), Motion No. 76811; and *State v. Russell*, 8th Dist. Cuyahoga No. 69311, 1996 Ohio App. LEXIS 1879

(May 9, 1996), *reopening disallowed* (June 16, 1997), Motion No. 82351, 1997 Ohio App. LEXIS 2663.

{¶ 6} It must also be noted that lack of knowledge or ignorance of the law does not provide sufficient cause for the untimely filing of an application for reopening. *State v. Klein*, 8th Dist. Cuyahoga No. 58389, 1991 Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St. 3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 70493; *State v. Cummings*, 8th Dist. Cuyahoga No. 69966, 1996 Ohio App. LEXIS 4565 (Oct. 17, 1996), *reopening disallowed* (Mar. 26, 1998), Motion No. 92134; and *State v. Young*, 8th Dist. Cuyahoga Nos. 66768 and 66769, 1994 Ohio App. LEXIS 4634 (Oct. 13, 1994), *reopening disallowed* (Dec. 5, 1995), Motion No. 66164.

{¶ 7} Accordingly, we find that Goodykoontz has failed to establish good cause for the untimely filing of his application for reopening.

{¶ 8} Application denied.

*Emanuella D. Groves*

EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR